WESLEY L. SHEPARDSON *vs.* STEPHEN T. WHIPPLE.

The condition of a mortgage of goods by F. to W. was, that F. should pay a promissory note which he had given in consideration of W.'s promise to pay his debts, and also indemnify W. against liability "on account of his having become surety for F. on a bond given by F. as principal and W. as surety" to dissolve an attachment of the goods. Such a bond never was given; but after taking the mortgage W. receipted for the goods to the officer, sold part of them, and paid F.'s debts out of the proceeds. *Held*, that the condition of the mortgage was satisfied as to the promissory note, and never applied to W.'s liability on the receipt to the officer.

TORT for the conversion of some household furniture. Writ dated October 11, 1869.

At the trial in the superior court, before *Devens*, J., the plaintiff claimed title to the furniture under a mortgage thereof, made on August 18, 1868, by Bernard F. Fellows to Ferdinando N. Burdick, and assigned on September 13, 1869, to the plaintiff, as security for a promissory note of Fellows for $275, payable on demand; and, to prove the conversion, he introduced the testimony of John Crosby, who as the defendant's agent took the furniture from the possession of Fellows on August 19, 1868; and he also proved a demand on the defendant for the furniture, and the defendant's refusal to comply with it.

The defendant, admitting Crosby's agency and his taking of the furniture, and the plaintiff's demand and his own refusal, claimed title to the furniture under a mortgage of it and a stock of groceries to him by Fellows on August 11, 1868, the condition of which was " that if Fellows shall pay to Whipple, or his assigns, the sum of $1000 as due by his note to Whipple dated

August 11, 1868, for said sum and interest, and also see Whipple harmless and free from all loss, cost and trouble on account of his having become surety for Fellows upon a bond given by Fellows as principal, and Whipple as surety, to Samuel. Halliwell, said bond having been given to dissolve an attachment, as is provided by the 137th chapter of the statutes of this Commonwealth, within one day from the date hereof, then the sale is void, other-wise in full force and effect."

The plaintiff contended that the condition of this mortgage had been performed and satisfied, and on that issue these facts were proved:

No bond to dissolve Halliwell's attachment in his suit against Fellows was ever given, but this defendant, Whipple, on August 11, 1868, subsequently to the execution of the mortgage by Fellows to him, made an arrangement by which he receipted to the officer for the attached property, which comprised a portion of the property included in both mortgages, agreeing safely to keep and redeliver it to the officer or attaching creditor on demand. Halliwell recovered judgment for $1175.84 in his suit against Fellows, at the same term of the superior court at which the present action was tried.

The consideration of the promissory note of Fellows to this defendant for $1000 was an agreement of the defendant to pay certain debts owed by Fellows; and on August 18, 1868, the defendant sold part of the property which he receipted for, not including in the sale any of the property comprised in the plaintiff's mortgage; and paid those debts, to the amount of $1083.83, out of the proceeds, which amounted to $1790. " The note was made for a round sum, sufficient to cover (as it was then supposed) the amount of said debts."

The defendant did not contend that he was entitled to hold the furniture, or any part of it, as receiptor; and it did not appear that the furniture, or any part of it, was ever in his actual possession until it was taken possession of by Crosby; but he claimed only under and by virtue of his mortgage, and contended that the facts did not show a satisfaction of the condition of the mortgage deed.

The plaintiff argued that the facts did show such a satisfaction, and of this opinion was the judge, who directed a verdict for the plaintiff for the value of the furniture, which was assessed at $250, and reported the case for the revision of this court.

*E. W. Bowerman*, for the defendant.

*T. P. Pingree & J. M. Barker*, for the plaintiff.

CHAPMAN, C. J.    The defendant's mortgage was made on two distinct conditions.    The first was, to secure the payment of the note of Fellows to the defendant for $1000.    The second was, to save the defendant harmless as surety of Fellows in an alleged bond to Halliwell to dissolve the attachment in the suit of Halli well against Fellows.    The mortgage was dated August 11, 1868. When the note should be paid, and the suretyship released, the defendant could have no further claim to the mortgaged property.

On the 18th of the same month, a part of the mortgaged property, but not including the property in controversy in this action, was taken by Whipple and sold, and he received the proceeds and paid the debts which constituted the consideration of the note. This satisfied that portion of the consideration of the mortgage. The defendant contends that this would not be so unless such was Whipple's intention.    But we think such was the legal effect of the payment.    Whipple acted as the trustee of Fellows in selling the goods and making the payment, and when the debts were paid, the consideration of the note was thereby extinguished.

The bond to dissolve the attachment was never in fact given. An arrangement was made, by which Whipple gave to the officer a receipt for the goods attached, in the usual form.    It included a part of the demanded property.    The defendant contends that, the receipt having been given instead of the bond to dissolve the attachment, the condition of the mortgage applies to it and includes it.    The plaintiff in that action recovered judgment against Fellows for $1175.84, and the defendant thereby became liable on his receipt.    But he might have retained the property, or have taken a mortgage of it with condition to indemnify him against his liability on the receipt.    He neglected to do either; but suffered Fellows to take the attached property without giving him any security for his liability on the receipt.    For the terms of the

mortgage do not apply to the receipt, but merely to the bond, which was not given; and we have no power to enlarge its terms. It is not like a mortgage given to secure the payment of a note which is afterwards paid by giving another note in renewal, as the defendant suggests. In such a case, the mortgage still remains valid, and secures renewal notes. But in this case the bond would be for the dissolution of the attachment, and the receipt is for a different purpose.    *Judgment on the verdict*